
FILED
2020 Jul-10  AM 11:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **FAME ENTERPRISES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **ATLANTIC RECORDING** | ) | **_____** |
| **CORPORATION,** | ) | |
| | ) | **REMOVED FROM CIRCUIT** |
| **Defendant.** | ) | **COURT OF COLBERT** |
| | ) | **COUNTY, ALABAMA** |
| | ) | **CASE NO. 20-cv-2020-900129.00** |
| | ) | |

## <u>NOTICE OF REMOVAL</u>

Defendant Atlantic Recording Corporation ("Atlantic") hereby removes this action to the jurisdiction of the United States District Court for the Northern District of Alabama, Northwestern Division, on grounds of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. This removal is appropriate on the following grounds:

1.     Plaintiff Fame Enterprises, Inc. ("Fame") commenced this civil action against Atlantic in the Circuit Court of Colbert County, Alabama (20-CV-2020-900129.00), on or about May 26, 2020.  This notice is timely filed within 30 days after Atlantic was served with the Summons and Complaint on June 10, 2020.

2.     A true and correct copy of all process, pleadings, and orders in the state court action is attached hereto as Exhibit A pursuant to 28 U.S.C. § 1446.

## DIVERSITY JURISDICTION

3.      This case is removable under 28 U.S.C. § 1441 because the United States District Court has original jurisdiction under 28 U.S.C. § 1332(a), which states as follows:

> (a)     The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1)     citizens of different States . . .

4.      Fame alleges that it is a corporation organized under the laws of Alabama with its principal place of business in Muscle Shoals, Alabama. (*See* Complaint at ¶ 2, attached as Exhibit A.)  Fame is a citizen of Alabama.

5.      Atlantic is a Delaware corporation with its principal place of business in New York, New York. (*See* Complaint at ¶ 3.)  Atlantic is a citizen of Delaware and New York.

6.      Because Fame is a citizen of Alabama and Atlantic is a citizen of Delaware and New York, the parties are completely diverse and citizens of different states under 28 U.S.C. § 1332(a).

## AMOUNT IN CONTROVERSY

7.      Plaintiff's complaint does not allege a specific sum of damages, but under 28 U.S.C. § 1446(c)(2), a defendant in its Notice of Removal may assert an amount in controversy where the initial complaint is silent on the amount.  *See Dart*

*Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) ("defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."). To that end, Atlantic asserts that the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.     In a breach of contract case seeking specific performance of a contract to convey property, the amount in controversy is the value of the underlying property. *Occidental Chem. Corp. v. Bullard*, 995 F.2d 1046, 1047 (11th Cir. 1993); *see also Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961) (using the Gordon Growth Model "when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy.").[1]

9.     As set forth in the accompanying Declaration of David Woirhaye ("Woirhaye Decl.")[2] attached as Exhibit B, the fair market value of the 57 master sound recordings embodying the performances of Clarence Carter (the "Clarence Carter Masters") at issue in this litigation is estimated to be $389,000. This estimate

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] David Woirhaye is Senior Vice President and Chief Financial Officer of Rhino Entertainment Company ("Rhino"), which, like Atlantic, is a company within Warner Music Group ("WMG"). Rhino is the WMG company that manages all catalog rights for Atlantic, including, without limitation, the Clarence Carter Masters.

was calculated using the widely accepted Discounted Cash Flow ("DCF") income approach and the Gordon Growth Model.  *See* Woirhaye Decl.; *see generally, Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (explaining that a defendant may submit evidence to support its contentions surrounding the amount in controversy).  In addition to the value of the property in dispute, Fame's complaint alleges that Fame is entitled to compensatory damages and requests damages "in an amount to be determined at trial."  (Complaint at ¶ 37.)

10.    Claims involving the value of master sound recordings have been determined to far exceed $75,000, exclusive of interest and costs.  For example, in *Excel Music, Inc. v. Simone*, No. CV. A. 95-3626, 1996 WL 5708, at *2 (E.D. La. Jan. 5, 1996), the court determined that the amount in controversy exceeded $75,000, exclusive of interest and costs, by relying on the appraised replacement value of 63 master sound recordings as $1,260,000.  *Id.* at *3.

11.    The United States Supreme Court holds that "when a defendant seeks federal court adjudication (through removal), the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the Court."  *Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 553.  "In other words, all that is required is a short and plain statement of the grounds for removal, including a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  That is the end of the matter, unless the plaintiff contests,

or the court questions, the defendant's allegation." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014) (internal citations and quotations omitted).

12.     Absent any contest, Atlantic's allegation of the amount in controversy is sufficient to establish federal jurisdiction under 28 U.S.C. § 1446(c)(2). *Dark Cherokee Basin*, *supra*. By submitting evidence of the appraised value, however, Atlantic already has satisfied the "preponderance" standard "by showing . . . that there is 'additional evidence demonstrating that removal is proper.'" *Crocker v. LifeSouth Community Blood Centers, Inc.*, No. CV 15-0619-WS-B, 2016 WL 740296, at *2 (S.D. Ala. Feb. 23, 2016) (quoting *Roe*, 613 F.3d at 1061).

13.     Given that the value of the property in dispute is estimated to be $389,000, and that Fame seeks additional compensatory damages, the value of Fame's claim is more than $75,000, exclusive of interest and costs.

## CONCLUSION

14.     Atlantic has given written and served written notice to all adverse parties of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). It also has filed a copy of this Notice of Removal with the Clerk of the Circuit Court of Colbert County, Alabama.

Respectfully submitted

*/s/ Forrest S. Latta*

Forrest S. Latta     (ASB-0526-T62F)
forrest.latta@burr.com
Gerald Gillespy     (ASB-3726-S56G)

ggillespy@burr.com
Emily Schreiber     (ASB-2392-F12J)
eschreiber@burr.com

Attorneys for Defendant
Atlantic Recording Corporation

**OF COUNSEL**
**BURR & FORMAN LLP**
420 20th Street North, Suite 3400
Birmingham, AL  35203
Tel:   205-251-3000
Fax:  205-458-5100

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing has been served upon below named counsel of record herein via CM/ECF, email, fax or First Class U.S. Mail on this the 10th day of July, 2020, as follows:

G. Rick Hall
rhall@halltanner.com
J. Michael Tanner
mtanner@halltanner.com
Douglas B. Hargett
dhargett@halltanner.com
HALL|TANNER|HARGETT|P.C.
201 South Court Street, Suite 320
Florence, AL  35630

*/s/ Forrest S. Latta*
Of Counsel